IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL ELIASON, et al., <br><br> Defendants. | CV-16-0113-GF-BMM-JTJ <br><br><br> RECOMMENDATION AND ORDER |

Plaintiff Victor Fourstar, Jr., a federal inmate confined in the United States Penitentiary in Marianna, Florida, filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint (Doc. 2). Mr. Fourstar is subject to the three strikes provision of 28 U.S.C. § 1915(g) and therefore the Motion to Proceed in Forma Pauperis should be denied.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. Fourstar has filed at least three civil actions which have been dismissed

as frivolous or for failure to state a claim. *See Fourstar v. Ness*, CV-05-108-SEH (D. Mont. Judgment of dismissal filed April 26, 2006; affirmed on appeal May 5, 2008); *Fourstar v. Murlak*, CV-07-5892-ODW-SS (C.D. Cal. Judgment of dismissal filed May 26, 2010; affirmed on appeal December 1, 2010); and *Fourstar v. Zemyan*, CV-08-50-GF-SEH (D. Mont. Judgment of dismissal filed August 26, 2008; appeal dismissed for failure to prosecute April 15, 2009). Two other courts have recognized that Mr. Fourstar is subject to the three-strikes provision of 28 U.S.C. § 1915(g) and denied him permission to proceed in forma pauperis. *See Fourstar v. Brown*, No. 11-230-TUC-FRZ (D.Ariz, Order dated May 18, 2011; appeal dismissed for failure to prosecute November 9, 2011; petition for writ of certiorari denied June 4, 2012); *Fourstar v. Eckroth*, No. 3:12-CV-615-JMM-EC (M.D.Penn Order dated April 9, 2012, affirmed on appeal January 30, 2013; petition for writ of certiorari denied October 7, 2013).

Mr. Fourstar has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g).

Mr. Fourstar acknowledges that he is subject to section 1915(g), but claims

he is in imminent danger of serious physical harm because Defendants in a related civil rights action (*Fourstar v. Garden City Group, Inc., et al.*) will subject him to radio active uranium materials on December 12, 2016, on the Fort Peck Indian Reservation upon his release from federal prison. (Doc. 2 at 2.) He also argues that relief is warranted because his acceptance to college rests on Defendant Eliason's letter of Fourstar's readiness to enter the University of Montana. Lastly, he alleges that he suffers medical issues that constitute an imminent danger of serious physical injury. (Doc. 2 at 3.)

Mr. Fourstar's allegations do not satisfy the imminent danger exception to section 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007). To meet the exception, Mr. Fourstar must allege facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of the filing of the complaint. *Andrews*, 493 F.3d at 1053 ("it is the circumstances at the time of the filing of the complaint that matters for the purposes of the 'imminent danger' exception under § 1915(g)"). Mr. Fourstar concerns about what may occur upon his release from federal custody are insufficient to satisfy this exception.

Mr. Fourstar's ongoing medical disputes with prison officials in Florida are unrelated to the claims in his Complaint which raise issue with his obligation to register as a sex offender and challenges his criminal conviction. A complaint filed

by a three-strikes litigant such as Mr. Fourstar "must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Pettus v. Morgenthau*, 554 F.3d 293, 298-299 (2nd Cir. 2009). "In deciding whether such a nexus exists, [courts] will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99 (emphasis and footnote omitted). Mr. Fourstar's medical care concerns are not fairly traceable to the conduct alleged in the Complaint.

Mr. Fourstar has failed to establish that he qualifies for the imminent danger exception to section 1915(g). His motion to proceed in forma pauperis should be denied.

While ordinarily litigants are given a period of time to pay the full filing fee of $350.00, Mr. Fourstar should not be allowed to do so in this case. Mr. Fourstar has been made aware on at least two occasions that he is subject to the provisions of 28 U.S.C. § 1915(g) and cannot submit such filings without payment of the filing fee or demonstrating imminent danger of serious physical harm.

Mr. Fourstar is not entitled to a fourteen-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for

reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** that United States District Court Judge Morris issue the following Order.

DATED this 15th day of November 2016.

    */s/ John Johnston*
John Johnston
United States Magistrate Judge

Based upon the recommendation of Judge Johnston, the Court issues the following:

## ORDER

1. Mr. Fourstar's Motion to Proceed in Forma Pauperis (Doc. 1) is **DENIED,** and this matter is **DISMISSED**. The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. No motions for reconsideration or rehearing will be entertained, and the Clerk of Court is directed to discard any such motions.

DATED this 15th day of November 2016.

    */s/ Brian Morris*
Brian Morris
United States District Court Judge